IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMIT GAURI, | ) | Case No. 21-03680 |
| Debtor. | ) | |
| | ) | Honorable Janet S. Baer |

## NOTICE OF MOTION

To:   See attached list

PLEASE TAKE NOTICE that on June 28, 2022, at 10:00 a.m., I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, and present the *Debtor's Objection to Allowance of Claim No. 10 of Parent Petroleum, Inc.*, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: May 27, 2022                                    AMIT GAURI

                                                       By: /s/ Paul M. Bauch
                                                            One of his attorneys

Paul M. Bauch (ARDC #6196619)
Kenneth A. Michaels Jr. (ARDC #6185885)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
pbauch@bmlawllc.com

## CERTIFICATE OF SERVICE

    I, Paul M. Bauch, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on May 27, 2022 at 2:04 PM.

                                          /s/ Paul M. Bauch

## SERVICE LIST

Via CM/ECF to

Amy N. Carollo on behalf of Creditor Laborers' Pension Fund and and Laborers' Welfare Funds for the Health and Welfare Department of the Construction and General Laborers District Council of Chicago and Vicinity
amy.carollo@gmail.com,
fundcounsel@gmail.com;taniam@chilpwf.com;vedranaa@chilpwf.com

Frances Gecker on behalf of Interested Party Frances Gecker, as Chapter 11 trustee of Black Dog Chicago, LLC
fgecker@fgllp.com, csmith@fgllp.com

Joshua D. Greene on behalf of Creditor Southwind Industries, Inc.
jgreene@springerbrown.com, aoloughlin@springerbrown.com

Micah R Krohn on behalf of Interested Party Frances Gecker, as Chapter 11 trustee of Black Dog Chicago, LLC
mkrohn@fgllp.com, csmith@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

John A Lipinsky on behalf of Creditor Heritage FS, Inc.
lipinsky@ccmlawyer.com, Haskell@ccmlawyer.com;hoekstra@ccmlawyer.com

Andrew Medearis on behalf of Creditor Parent Petroleum Inc.
amedearis@seyfarth.com, 3942554420@filings.docketbird.com

Kenneth A. Michaels, Jr on behalf of Debtor 1 Amit Gauri
kmichaels@bmlawllc.com,
smohan@bmlawllc.com;ecf@lakelaw.com;5552@notices.nextchapterbk.com

Todd J Ruchman on behalf of Creditor JPMorgan Chase Bank, National Association
amps@manleydeas.com

M. Gretchen Silver on behalf of U.S. Trustee Patrick S Layng
ustpregion11.es.ecf@usdoj.gov, gretchen.silver@usdoj.gov

James B. Sowka on behalf of Creditor Parent Petroleum Inc.
jsowka@seyfarth.com, chidocket@seyfarth.com;jmcmanus@seyfarth.com;Jennifer-McManus-1834@ecf.pacerpro.com;3913483420@filings.docketbird.com

Patrick T. Wallace on behalf of Creditor Laborers' Pension Fund and and Laborers' Welfare Funds for the Health and Welfare Department of the Construction and General Laborers District Council of Chicago and Vicinity
wallace.patrick@gmail.com, fundcounsel@gmail.com,vedranaa@chilpwf.com

Martin J Wasserman on behalf of Creditor PNC Bank, National Association
mwasserman@carlsondash.com, knoonan@carlsondash.com

Paul Yovanic Jr. on behalf of Creditor Parent Petroleum Inc.
PYovanic@taftlaw.com, chidocket@seyfarth.com

Via U.S. MAIL to

Parent Petroleum, Inc.
c/o James B. Sowka
Seyfarth Shaw LLP
233 S. Wacker Dr., Ste. 8000
Chicago, IL 60606

**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 21-3680 |
| | ) | |
| AMIT GAURI, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtor. | ) | Chapter 11 |

**DEBTOR'S OBJECTION TO ALLOWANCE
OF CLAIM NO. 10 OF PARENT PETROLEUM, INC.**

Amit Gauri, ("Gauri" or the "Debtor"), by and through his attorneys, Bauch & Michaels, LLC, hereby objects, pursuant to 11 U.S.C. §§ 502(b) and Fed. R. Bankr. P. 3007, to the allowance of Parent Petroleum, Inc.'s ("Parent") Claim Number 10 (the "Claim").

## I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ l334 and 157.

2. This is an objection to a claim brought pursuant to Fed. R. Bankr. P. 3007 and 9014.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II. BACKGROUND

4. On March 22, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate his business and manage his property as a debtor-in-possession.

5. The Debtor has substantially all of the rights, powers and responsibilities of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

6. No creditors' committee has been appointed in the Debtor's chapter 11 case, and no trustee or examiner has been appointed.

7. The Debtor was the manager and indirectly the majority interest holder in Black Dog Chicago, LLC ("Chicago"), a debtor in a case pending before this Court. On September 30, 2021, the United States Trustee appointed Frances Gecker (the "Trustee") as trustee for Chicago. On August 5, 2021, upon the Trustee's motion, the Court converted the Chicago case to a Chapter 7 liquidation case.

8. The Trustee of the Black Dog Chicago, LLC bankruptcy estate did not file any complaints to avoid transfers pursuant to Sections 544, 547, 548 or 549 of the Bankruptcy Code ("Federal Avoidance Actions") before the expiration of limitations period provided for in Section 546. After the limitations period had expired, on October 14, 2021, 2022, upon Parent's motion to compel abandonment of any such claims, the Court authorized the Trustee to abandon the Federal Avoidance Actions. [ECF No. 470]. As a result of the Trustee allowing the limitations period to expire and failing to oppose Parent's motion, the Trustee must be deemed to have determined that any such claims were of inconsequential value to the Chicago estate.

9. On November 1, 2021, Parent filed the Claim purporting to be for its sole benefit the proceeds of any such Federal Avoidance Actions to the exclusion of other creditors of the Chicago estate. The Claim is attached hereto as Exhibit 1. Parent's Claim must be disallowed because Parent does not have standing to assert

5

the claim, and the Claim fails to set forth a claim upon which relief could be granted because, inter alia, the proof of claim fails to comply with Rule 9(b) regarding the pleading the facts supporting the Claim with particularity.

### III. OBJECTION TO CLAIM

A.    PARENT LACKS STANDING TO PURSUE ANY FEDERAL AVOIDANCE CLAIMS BECAUSE SUCH CLAIMS WERE NOT TRANSFERRED TO PARENT AS A SUCCESSOR TO THE BANKRUPTCY ESTATE.

10.    Although federal avoidance claims may be transferred to successors to the estate or pursued by others on behalf of the estate under the concept of derivative standing, if the claims are simply abandoned, they may not be asserted. *See, e.g., Silverman v. Birdsell*, 796 F. App'x 935 (9th Cir. 2020); *Barber v. Westbay (In re Integrated Agri, Inc.)*, 313 B.R. 419 (Bankr. C.D. Ill. 2004); *Met-Al, Inc. v. Gabor (In re Metal Brokers Int'l)*, 225 B.R. 920 (Bankr. E.D. Wis. 1998). Thus, Parent lacks standing to assert the Federal Avoidance Actions. It is limited to pursuing any claims it may have under applicable nonbankruptcy law.

B.    PARENT'S PROOF OF CLAIM FAILS TO SET FORTH A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

11.    Parent's proof of claim attempts to set forth claims to avoid fraudulent transfers under the Illinois Uniform Fraudulent Transfer Act. As such, Rule 9(b)'s particularity requirement applies to the claims. *Peterson v. McLean (In re Mack Indus.)*, Nos. 17 B 09308, 19 A 00433, 2019 Bankr. LEXIS 3603 (Bankr. N.D. Ill. Nov. 20, 2019). Parent's allegations are conclusory and fail short of the particularly standard. *Marwil v. Oncale (In re Life Fund 5.1 LLC)*, Nos. 09 B 32672, 10 A 42, 2010 Bankr. LEXIS 1938 (Bankr. N.D. Ill. June 30, 2010). Even so, from what Parent has

pled, the Court may determine that Parent can plead no facts that would entitle it to relief. The Claim should therefore be dismissed with prejudice. Parent's claims are based on the Black Dog subsidiaries' use of a Chicago deposit account as a conduit to pay compensation to Gauri. During the periods at issue, Gauri did not receive all compensation through a regular W-2 payroll check. Sometimes, the Black Dog subsidiaries paid Gauri compensation by transferring funds to a Chicago deposit account, which funds were then transferred directly to certain of Gauri's personal creditors or transferred to a personal deposit account which Gauri's wife used to pay family living expenses. The Black Dog subsidiaries used the account as a matter of convivence because it had electronic payment authorization with several of Gauri's personal creditors.

12. At the time of the transfers, the Black Dog subsidiaries owed no debt or equity distributions to Chicago. In fact, the Black Dog subsidiaries' transfers to Chicago were prohibited by the PNC loan documents. Rather, the Black Dog subsidiaries were merely using the Chicago deposit account as a mechanism to transfer compensation to Gauri. The Black Dog subsidiaries accounted for the transfers as compensation or distributions in lieu of compensation to Gauri. Similarly, PNC Bank had a security interest in the funds transferred to the Chicago deposit account.

13. Parent's Claim fails to set forth a claim upon which relief can be granted for at least three reasons: (1) Chicago had no interest in the funds and therefore the transfers did not involve transfer of property of Chicago; (2) Chicago received fair

7

equivalent value in exchange for the transfers as they were made in lieu of salary to Gauri; and (3) the Claim fails to allege sufficient facts from which the Court could conclude that Chicago had a plausible interest in the funds in the deposit account.

14. Chicago had no interest in the funds because it had no entitlement to compensation or distributions from the subsidiaries and in fact never exercised dominion and control over the funds in the deposit account. As such, the funds never became property of Chicago's bankruptcy estate and there is no cognizable claim to avoid and recover the funds. *In re Chase & Sanborn Corp.*, 813 F.2d 1177 (11th Cir. 1987); *Metrou v. Kaczor-Mauriello (In re Mauriello)*, Nos. 16bk34329, 18ap00290, 2022 Bankr. LEXIS 1153 (Bankr. N.D. Ill. Apr. 27, 2022). As a result, Parent has not alleged a required element of its claim: that Chicago had in interest in the property that was transferred.

C. PARENT'S PROOF OF CLAIM FAILS TO ALLEGE THAT THE PROPERTY WAS TRANSFERRED IN EXCHANGE FOR LESS THAN REASONABLY EQUIVALENT VALUE.

15. Parent must allege sufficient facts from which the Court could plausibly conclude that the property was transferred for less than reasonably equivalent value. As the primary operating manager of Chicago and the Black Dog operating subsidiaries, Gauri was entitled to reasonable compensation for his services to the enterprise. *Chatz v. Stepaniants (In re Fatoorehchi),* 546 B.R. 786 (Bankr. N.D. Ill. 2016).

16. The payment of salary is presumed to be for fair consideration and reasonably equivalent value. To avoid salary payments, a plaintiff "must establish that the salary payments were in bad faith, or the payments were excessive in light

8

of the Defendants' employment responsibilities." *Pryor v. Tiffen (In re TC Liquidations LLC)*, 463 B.R. 257, 268 (Bankr. E.D.N.Y. 2011). The rationale for the rule is twofold: (i) it would be impossible to find officers to turn around financially distressed corporations if their salaries were subject to avoidance and recovery; and (ii) the salaries are in exchange for roughly contemporaneous services and not as a deliberate preference over other creditors. *Sama v. Mullaney (In re Wonderwork, Inc.)*, 611 B.R. 169, 208-09 (Bankr. S.D.N.Y. 2020). Parent has failed to plead any facts from which the Court could find that the transfers to Gauri were in bad faith, or the transfers were excessive considering his employment responsibilities.

D. PARENT HAS FAILED TO ALLEGE THAT THE PROPERTY TRANSFERRED WAS NOT FULLY ENCUMBERED.

17. A debtor's transfer of property that is fully encumbered does not harm unsecured creditors and therefore does not create a claim for relief. *Official Comm. of Unsecured Creditors v. Fountainhead Grp., Inc. (In re Bridgeview Aerosol, LLC)*, 538 B.R. 477 (Bankr. N.D. Ill. 2015). Likewise, under the Illinois Uniform Fraudulent Transfer Act, a fully encumbered asset is not an asset that can be the subject of a fraudulent transfer action. 740 Ill. Comp. Stat. 160/2(b)(1); *Zurich Am. Ins. Co. v. MB Fin. Bank, N.A.*, 2020 IL App (1st) 190767-U. Parent has failed to plead sufficient facts from which the Court could plausibly conclude that the funds transferred via the Chicago deposit account were not fully encumbered by the PNC Bank and Heritage security interests. Therefore, Parent has failed to set forth another necessary element of a claim for fraudulent transfer.

## IV. CONCLUSION

18. Chicago had no interest in the funds transferred through its deposit account. To the extent that the funds were paid to Gauri, Chicago received reasonable equivalent in the form of Gauri's services to its wholly owned subsidiaries. Finally, the funds were fully encumbered, and their transfer did not harm Parent or other unsecured creditors. Parent's proof of Claim No. 10 should be disallowed with prejudice.

Dated: May 27, 2022                                       AMIT GAURI

                                                                         By: /s/ Paul M. Bauch
                                                                        One of His Attorneys

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604
Tel.: (312) 588-5000
pbauch@bmlawllc.com
csales@bmlawllc.com