IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMIT GAURI, | ) | Case No. 21-03680 |
| Debtor. | ) | |
| | ) | Honorable Janet S. Baer |

# NOTICE OF MOTION

To:   See attached list

PLEASE TAKE NOTICE that on November 30, 2022, at 10:00 a.m., I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, **either** in courtroom 615 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, **or** electronically as described below, and present the ***Debtor's Motion to Compel Trustee to Abandon Property, or Alternatively Determine Exemptions, Shorten Notice, and Set an Expediated Hearing***, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.** You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **160 731 2971**, and the passcode is **587656**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

AMIT GAURI

By: /s/ Paul M. Bauch

**CERTIFICATE OF SERVICE**

      I, Paul M. Bauch, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on November 18, 2022, at 4:50 PM.

                                            /s/ Paul M. Bauch

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604
Tel. (312) 588-5000
Fax: (312) 427-5709
pbauch@bmlawllc.com
csales@bmlawllc.com

**SERVICE LIST**

*Via ECF*:

Abraham Brustein, Esq. on behalf of Interested Party Inder Gauri
abrustein@robbinsdimonte.com, jtronina@robbinsdimonte.com

Amy N. Carollo on behalf of Creditor Laborers' Pension Fund and and Laborers' Welfare Funds for the Health and Welfare Department of the Construction and General Laborers District Council of Chicago and Vicinity
amy.carollo@gmail.com, fundcounsel@gmail.com; taniam@chilpwf.com; vedranaa@chilpwf.com

David DeCelles on behalf of Creditor United States of America
david.decelles@usdoj.gov

Frances Gecker on behalf of Interested Party Frances Gecker, as Chapter 11 trustee of Black Dog Chicago, LLC
fgecker@fgllp.com, csmith@fgllp.com

Joshua D. Greene on behalf of Creditor Southwind Industries, Inc.
jgreene@springerbrown.com, aoloughlin@springerbrown.com

Micah R Krohn on behalf of Interested Party Frances Gecker, as Chapter 11 trustee of Black Dog Chicago, LLC
mkrohn@fgllp.com, csmith@fgllp.com; mmatlock@fgllp.com; csucic@fgllp.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

John A Lipinsky on behalf of Creditor Heritage FS, Inc.
lipinsky@ccmlawyer.com, Haskell@ccmlawyer.com;hoekstra@ccmlawyer.com

Andrew Medearis on behalf of Creditor Parent Petroleum Inc.
amedearis@seyfarth.com, 3942554420@filings.docketbird.com

Todd J Ruchman on behalf of Creditor JPMorgan Chase Bank, National Association
amps@manleydeas.com

M. Gretchen Silver on behalf of Plaintiff Patrick S Layng
ustpregion11.es.ecf@usdoj.gov, gretchen.silver@usdoj.gov

James B. Sowka on behalf of Creditor Parent Petroleum Inc.
jsowka@seyfarth.com, bankruptcydocket@seyfarth.com; jmcmanus@seyfarth.com; Jennifer-McManus-1834@ecf.pacerpro.com;3913483420@filings.docketbird.com

Catherine L. Steege, ESQ
csteege@jenner.com, csteege@ecf.axosfs.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMIT GAURI, | ) Case No. 21-03680 |
| Debtor. | ) |
| | ) Honorable Janet S. Baer |

**DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY,
OR ALTERNATIVELY DETERMINE EXEMPTIONS,
<u>SHORTEN NOTICE, AND SET AN EXPEDIATED HEARING</u>**

Amit Gauri (the "Debtor"), by and through his attorneys, pursuant to 11 U.S.C. § 554(b) and Fed. R. Bankr. P. 6007(b), moves for the entry of an order compelling the Chapter 7 Trustee to abandon, or alternatively determining exemptions in, the limited liability company membership interests described herein (the "Property"), which are fully encumbered by secured claims, and have been declared exempt, shortening notice, setting an expedited hearing to determine any relief for cause:

## I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

3. On March 22, 2022 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code") [ECF No. 1].

4. On November 16, 2022, the Court entered an order converting the case to a Chapter 7 (the "Conversion Date") [ECF No. 290]. On November 18, 2022, Catherine L. Steege was appointed as trustee (the "Trustee") [ECF No. 296].

5. Debtor owns membership interests in ADGP Paving, LLC, Black Dog Foods, LLC, and Black Dog Petroleum, LLC. These entities are certified MBE/DBE enterprises primarily because of the Debtor's ownership and control of the entities. Debtor acquired his interest in ADGP Paving prior to the commencement of the case, and his interest in Black Dog Foods and Black Dog Petroleum during the Chapter 11 phase of the case. These interests must be excluded from the bankruptcy estate to avoid disqualification of the entities under the MBE/DBE programs.[1]

6. The membership interests are subject to security interests in favor of creditors of the estate such that the estate has no equity in the interests. Claim Nos. 5 and 9. Moreover, the Debtor has properly asserted exemptions in the interests, because they have no realizable market value. [ECF No. 288]; see also Trial Transcript at 348 (The membership interests have no realizable market value.) The primary antagonists in this case have repeatedly asserted that the entities are insolvent money losing ventures that could not satisfy the plan feasibility standard with respect to both the Black Dog Chicago and this individual case. [ECF Nos. 247 and 253]; *see also* Debtor's Periodic Report Regarding Value, Operations, and

---

[1] The Black Dog Chicago, LLC bankruptcy trustee's nominal control of the entities lead the City of Chicago to issue a notice of preliminary decertification of the Black Dog entities from the MBE/DBE programs. The decertification of the entities as MBE/DBE enterprises has always been the objective of Parent Petroleum in these bankruptcy cases.

Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interests. [ECF Nos. 273, 274 and 275].

7. On November 2, 2022, the Court entered its order granting PNC Bank relief from stay to enforce its security interest in the Black Dog Foods and Black Dog Petroleum interests. [ECF No. 284]. Thus, the parties are foreclosed from contesting that those interests are of inconsequential value to the estate.

8. With respect to AGDP Paving, both the United States Trustee and Parent Petroleum have contended that the company is insolvent or unprofitable. Moreover, the Debtor only has a partial interest in the entity; therefore, the bankruptcy trustee could succeed to nothing more than an economic interest. Notwithstanding, Parent Petroleum filed an objection to the exemption based on an unexecuted offer to purchase the interest, which it simultaneously objected to. [ECF No. 242]. The Court should set an expediated hearing and compel Parent Petroleum to present its valuation evidence or withdraw its objection.

### III. ARGUMENT

9. The Property has no fair market value to the estate, but is essential to the Debtor's ability to pay creditors of the entities, many of whom are also personal creditors. The Court's conversion of the case otherwise guarantees creditors a zero distribution. The Debtor's exemption, or the Trustee's abandonment, of the Property, will allow the Debtor to continue to operate his businesses and continue to pay creditors as he has throughout the case. The Trustee should be compelled to abandon the Property because it is exempt, or it is otherwise of inconsequential value to the estate. Moreover, since it is not property of the estate, the Trustee may not sell the

3

Property pursuant to Section 363. Finally, even assuming the Property were property of the estate, the Property is over encumbered; therefore, its sale will not benefit unsecured creditors.

10. Upon request of a party in interest, the Court may order a trustee to abandon any property that is burdensome, or of inconsequential value and benefit to the estate. 11 U.S.C. § 554(b). Pursuant to Fed. R. Bankr. P. 6007(b), a "party in interest may file and serve a motion requiring the trustee . . . to abandon property of the estate." Conversely, if property has been properly declared as exempt, the property is excluded from the estate and administration by the trustee. *Carroll v. Takada*, 864 F.3d 512 (7th Cir. 2017); *In re Hughes*, No. 18 B 11700, 2020 Bankr. LEXIS 3581 (Bankr. N.D. Ill. Dec. 16, 2020). Thus, the Debtor has no obligation to turn over exempt property, or property of inconsequential value, to the Trustee. 11 U.S.C. § 542(a) (A party in possession of "property that the trustee may use, sell, or lease under section 363 of this title, **or that the debtor may exempt under section 522 of this title**, shall deliver to the trustee, and account for, such property or the value of such property, **unless such property is of inconsequential value or benefit to the estate**." (emphasis added)). *In re Hoerr*, No. 04-82851, 2004 Bankr. LEXIS 2000 (Bankr. C.D. Ill. Dec. 13, 2004). The Court should compel the Trustee to abandon the Property, because it is of inconsequential value and benefit to the estate, or alternatively, determine that the Property is exempt from the estate, and is not subject to turnover to and sale by the Trustee, or subject to the Trustee's control. *In re Bland*, No. 18-70442, 2018 Bankr. LEXIS 3771 (Bankr. C.D. Ill. Nov. 29, 2018).

4

11.     Even if the Property is property of the estate, the Court should not authorize its administration or sale. A trustee's sale of property should not occur "unless a clear benefit to the estate" will "accrue from the sale." *In re Barfield*, No. 11-72074, 2015 Bankr. LEXIS 270, at *36 (Bankr. C.D. Ill. Jan. 29, 2015).

> [C]hapter 7 trustees are not encouraged to act as liquidating agents for secured creditors, who have their own remedies and could liquidate their own collateral if they so desired. Rather, the aim of administering property is to generate proceeds sufficient to return a dividend to unsecured creditors. Selling over-encumbered property usually does not create any value for the estate or for the benefit of unsecured creditors, and therefore a trustee should not administer such property. In short, "[i]t is universally recognized . . . that the sale of a fully encumbered asset is generally prohibited." If property is to be sold, there should be equity in it. "Bankruptcy courts have defined the equity that justifies a sale of property, consistently and explicitly, in one way: the value remaining for unsecured creditors above any secured claims and the debtor's exemption."

*In re Christensen*, 561 B.R. 195, 204-05 (Bankr. D. Utah 2016), *aff'd sub nom. Jubber v. Bird (In re Bird),* 577 B.R. 365 (B.A.P. 10th Cir. 2017).

12.     In addition, the Debtor is requesting shortened notice pursuant to Fed. R. Bankr. P. 9006(c)(1), which authorizes the Court to shorten notice for cause shown. The Court may also shorten the time for filing objections. Fed. R. Bankr. P. 6007(b). Shortened notice is appropriate. *Harden Healthcare LLC v. OLP Wyo. Springs LLC (In re Senior Care Ctrs., LLC)*, No. 3:19-CV-2722-B, 2021 U.S. Dist. LEXIS 29845 (N.D. Tex. Feb. 18, 2021).  The valuation of the membership interests and the financial condition of the entities was fully vetted during the confirmation hearing. The bankruptcy trustee is unlikely to present any evidence to contradict the Court's

5

findings and the record of the case. Conversely, the Debtor and creditors will benefit from the prompt adjudication of the abandonment and exemptions as it will allow the Debtor to maintain the MBE/DBE status of the entities and allow the Debtor to continue to pay creditors in the ordinary course from non-estate property.

WHEREFORE, the Debtor respectfully requests the entry of an order abandoning any and all right, title and interest of the estate in and to the Property; or, alternatively, determining that the Property is exempt; shortening notice; and setting an expediated hearing on the motion.

Date: November 18, 2022                                         AMIT GARUI

                                                                By:   /s/ Paul M. Bauch

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604
312-588-5000
pbauch@bmlawllc.com
csales@bmlawllc.com

6