Exhibit A

*Summary of Relief Sought in Trustee's Motion for Turnover of Property of the Estate (Dkts. 450, 494)*

| PRE-PETITION ASSETS | | | |
|---|---|---|---|
| **Asset** | **Exemption** | **Status** | **Relief Requested** |
| *$60,000 Pre-petition Receivable owed to Gauri by Operating Subsidiaries (Dkt. 21, Sch. B, line 30; Sch. C.)* | Post-conversion the Debtor amended his schedules to claim that the $60,000 constituted unpaid wages and that 85% of the amount due was exempt pursuant to the Illinois Wage Garnishment statute. (*See* Dkt. 288; *see also* Dkt. 313, Sch. A/B.) | Debtor received $60,000 post-conversion. | Turnover of $60,000 if this is a receivable.<br><br>Turnover of $9,000 if the $60,000 is found to constitute wages. |
| *$33,900 in Pre-petition Tax Refunds* | No exemption claimed. | Debtor received $33,900 post-petition, pre-conversion. | Turnover of $33,900. |
| *Land Rover Vehicle Purchased on Eve of Chapter 11 Filing* | No exemption claimed. | Debtor has possession. | Turnover of Land Rover. |

*Summary of Relief Sought in Trustee's Motion for Turnover of Property of the Estate (Dkts. 450, 494)*

| WAGES EARNED DURING THE CHAPTER 11 CASE BUT NOT PAID TO DEBTOR AS OF CONVERSION OF THE CASE TO CHAPTER 7 | | | |
|---|---|---|---|
| **Asset** | **Exemption** | **Status** | **Relief Requested** |
| $105,362.84[1] in Post-petition Wages Earned During the Chapter 11 Case and Paid Post-Conversion | Claims exemption (disputed—see In re Meier, 550 B.R. 384, 386-90 (N.D. Ill. 2016); In re Sullivan, 567 B.R. 348, 356 (Bankr. N.D. Ill. 2017)) | Debtor received post-conversion. | Turnover of $105,362.84. |

| WAGES EARNED AND PAID DURING THE CHAPTER 11 CASE AND SPENT BY DEBTOR IN EXCESS OF REASONABLE LIVING EXPENSES | | | |
|---|---|---|---|
| **Asset** | **Exemption** | **Status** | **Relief Requested** |
| $457,208.96[2] in Post-petition Wages Earned During the Chapter 11 Case and Paid During his Chapter 11 Case | Claims exemption (disputed—see In re Meier, 550 B.R. 384, 386-90 (N.D. Ill. 2016); In re Sullivan, 567 B.R. 348, 356 (Bankr. N.D. Ill. 2017)). | Debtor spent $519,363.13 in this case—an amount in excess of reasonable expenditures. Trustee's estimate of reasonable spending during the chapter 11 case (based on the means test) is $86,200. | Turnover of $371,008.96 (total assets received, minus deduction for reasonable living expenses). |

---

[1] This figure is based on calculations prepared by the Debtor.
[2] This figure is based on calculations prepared by the Debtor.