IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AMIT GAURI, | ) | Case No. 21-03680 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

**TRUSTEE'S OBJECTION TO DEBTOR'S
SECOND ABANDONMENT MOTION**

Catherine Steege, not individually but solely as chapter 7 trustee (the "**Trustee**") for the estate of Amit Gauri (the "**Debtor**"), objects to the Debtor's *Motion to Compel Trustee to Abandon Property* (Dkt. 522) (the "**Second Motion**"), and states:

**INTRODUCTION**

1. The Debtor's second attempt to compel the Trustee to abandon the membership interests in the Debtor's businesses should be denied for at least three reasons. ***First***, the Court lacks jurisdiction to consider the Second Motion because the exact same question—whether the Trustee should be compelled to abandon the Debtor's interests in Black Dog Petroleum LLC, Black Dog Foods LLC, and AGPD Paving LLC (the "**Membership Interests**")—is currently pending before the United States Court of Appeals for the Seventh Circuit.

2. ***Second***, for the same reasons this Court denied the Debtor's first attempt to abandon these interests, it should deny the Second Motion again.

3. ***Finally***, the Second Motion raises another example of the Debtor's disturbing behavior in this case. Although the Debtor asks this Court to compel the abandonment of his interests in AGPD Paving LLC, the Debtor also states that he has "disassociated himself from" AGPD. (Second Motion, at 2, n.1). What this means is unexplained. But to the extent that the Debtor has sold or disposed of his interest in AGPD—which is estate property—without the

Court's (and the Trustee's) permission, his misconduct constitutes yet another reason to deny the Second Motion and, in addition, to deny the Debtor a discharge. *See* 11 U.S.C. §727(a)(2). And in any event, if the Debtor no longer has any interest in AGPD, there can be no basis to compel abandonment of this interest unless the Debtor's reason for seeking this order is so that he may unlawfully pocket any consideration he received for this interest.

## ARGUMENT

### I. The Bankruptcy Court Lacks Jurisdiction To Hear The Abandonment Motion.

4.     The Court lacks jurisdiction to decide the Second Motion because the very same issue the Second Motion raises is squarely within the jurisdiction of the Seventh Circuit. It is very well established that the filing of a notice of appeal "divests [the] bankruptcy court of jurisdiction to proceed with matters raised by such appeal." *Matter of Stat. Tabulating Corp., Inc.*, 60 F.3d 1286, 1289 (7th Cir. 1995). The divestment of the bankruptcy court's jurisdiction "preserves the integrity of the appellate process by avoiding needless confusion which would flow from putting the same issues before two courts at once." *Id.* Stated differently, "an appeal of a bankruptcy order will [] divest the bankruptcy court of jurisdiction ... if the bankruptcy court's determination of the issues before it would interfere with or undermine the appellate process." *In re G-I Holdings, Inc.*, 568 B.R. 731, 764 (Bankr. D.N.J. 2017).

5.     Thus, to preserve the appellate court's jurisdiction, a lower court must deny a party's attempt to relitigate matters that are pending on appeal. The case of *Levy v. Systems Division, Inc. (In re Teknek, LLC)*, 563 F.3d 639 (7th Cir. 2008) is instructive. In *Levy*, a judgment creditor obtained a judgment for patent infringement against the debtor and sought to recover the judgment from the debtor's alter egos in federal district court. *Id.* at 641-43. Following the debtor's bankruptcy filing, the bankruptcy trustee filed a nearly identical

adversary complaint against the debtor's alter egos seeking to recover the judgment on behalf of the estate. *Id.* at 641-42. The bankruptcy court held that the creditor's claims against the alter egos were property of the estate and enjoined the collection of the judgment outside of the trustee's adversary proceeding. The judgment creditor and the alter egos, however, continued to negotiate a settlement and moved to stay the trustee's adversary proceeding pending the conclusion of their negotiations. *Id.* at 643. The bankruptcy court denied the motion and enjoined the negotiations. *Id.*

6. On appeal by the judgment creditor, the district court vacated the injunction, finding that the bankruptcy court lacked jurisdiction to enjoin the settlement because the automatic stay did not extend to the judgment creditor's claims. *Id.* at 643-44. The trustee appealed the district court's order vacating the injunction to the Seventh Circuit. *Id.* at 645. While the appeal was pending, however, the trustee filed a motion in the bankruptcy court seeking to settle his claims with the debtor's alter egos. *Id.* at 650. Because the trustee's settlement motion addressed issues "integral to" the pending appeal, the Seventh Circuit held that the bankruptcy court "lacked jurisdiction" to hear the trustee's settlement motion. *Id.* at 651.

7. So too here. The premise of the Debtor's Second Motion is that his Membership Interests are of inconsequential value and benefit to the Debtor's estate—an issue that is not only "integral to" but *identical to* the Debtor's first Abandonment Motion, which is pending on appeal in the Seventh Circuit. (*See Gauri v. Steege*, Case No. 24-1143 (7th Cir.)). Because the very issue before the Seventh Circuit is the exact issue the Debtor raises in his Second Motion, this Court lacks jurisdiction to hear the Second Motion and must deny it.

**II. There Is No Legal Basis To Compel Abandonment Of The Membership Interests.**

8. But even if this Court had jurisdiction to decide the Second Motion, the Second

3

Motion should still be denied. As affirmed by the District Court, "[i]t [is] [the Debtor's] burden to show that the [the membership interests] ha[ve] inconsequential value and [] inconsequential benefit to the estate" and he has "failed to carry that burden." *Steege v. Gauri*, 23-cv-01747 (N.D. Ill. 2023) (Dkt. 18, at 14); *see also* 11 U.S.C. §554(b); *In re HIE of Effingham, LLC*, 490 B.R. 800, 810 (Bankr. S.D. Ill. 2013). As the District Court ruled, abandonment is "a rare and exceptional act." *Steege v. Gauri*, 23-cv-01747 (N.D. Ill. 2023) (Dkt. 18, at 15) (citing *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 246 (6th Cir. 1987)). Accordingly, courts "defer to a [t]rustee's exercise of business judgment in determining" whether an asset is burdensome to or has greater than inconsequential value and benefit sufficient to foreclose abandonment. *In re Crockett*, 642 B.R. 97, 101 (Bankr. D. Conn. 2022).

9. Here, the Debtor's only possible interest in the Membership Interests is limited to his $4,000 wild card exemption; any value in excess of that amount belongs to the estate. Significantly, that possible nominal interest of $4,000 is subject to dispute. As set forth in the briefing on the *Trustee's Objection to Debtor's Claimed Exemption in Membership Interests* (Dkts. 461, 478), the Debtor does not have any wild card exemption amounts remaining because "the Debtor has wrongfully retained and spent property that could only be claimed exempt under the wild card exemption" in excess of his allotted $4,000 wild card limit. (Dkt. 478 at ¶6). If the Trustee is right, the Membership Interests need only be worth more than $0 to have value for the estate. And even if the Debtor has some wild card exemption left to claim, the Court can take judicial notice from his Operating Reports that the Debtor has withdrawn hundreds of thousands of dollars of value based on these Membership Interests during his bankruptcy case, suggesting that the Membership Interests have value in excess of $4,000. Indeed, the Debtor's continued efforts to obtain these Membership Interests for himself demonstrate that they have tremendous

4

value. For if the Debtor were sure that these interests had no value, he would simply wait out the Trustee's closing of the estate. By repeatedly pushing to obtain the Membership Interests, while creating a cloud over their title through his appeals, the Debtor has disproved his claim that the Membership Interests are of inconsequential value.

### III. The Debtor's Bad Faith Compels Denial Of His Second Motion.

10. Finally, the Debtor's Second Motion should be denied because the Debtor's request is made in bad faith. In his Second Motion, the Debtor makes a cryptic statement that he has disassociated from AGPD. Neither the Court nor the Trustee have any information about this alleged disassociation and the Debtor provides no details.

11. What the Trustee does know is that on January 31, 2024, Debtor's counsel wrote to the Trustee's counsel:

> AGPD Paving's financial backers are withdrawing their support for the company. The company is insolvent, and Amit's interests have no value. Amit has claimed the interests as exempt, and they are otherwise of inconsequential value to the estate. Amit is proposing a transaction in which he would transfer his interest to Mark Whittaker [*sic*] for nominal consideration and would receive an indemnification from the company against personal liability for company related obligations.

(*See* Ex. 1 hereto.) Thereafter, Trustee's counsel asked Mr. Whitaker's counsel about this proposed transaction and he responded via an email on February 2, 2024, that he was "not going to be involved" in it because he did "not believe there is any value to those interests that would justify any further fees being expended by MW or the T for that matter." (*See* Ex. 2 hereto.) Concerned that the Debtor was again going to engage in a transaction that diverted estate assets to himself, the Trustee's counsel wrote to the Debtor's counsel that the Trustee "will not agree to the transaction." (See Ex. 1 hereto.) Apparently, based on the statement in the Debtor's Second Motion, he proceeded with some transaction anyway and it can be inferred that he seeks

5

abandonment so that he can justify the legality of whatever the transaction was after the fact and retain any consideration.

12. In addition to the fact that the Debtor should be required to turnover to the estate whatever the consideration was that he received, by claiming to have done something he was not legally allowed to do with one of the interests he now seeks to have abandoned, the Debtor has again demonstrated his bad faith and disregard for this Court that has permeated his case. The Debtor's bad faith is yet another reason for this Court, which acts as a court in equity, to deny his Second Motion.

## CONCLUSION

For all of the foregoing reasons, the Trustee respectfully requests that the Court deny the Debtor's Second Abandonment Motion and grant such other relief as may be just.

Dated: April 9, 2024

Respectfully submitted,

**CATHERINE STEEGE**, not individually but as chapter 7 trustee for the estate of **AMIT GAURI**

By: /s/ *Catherine Steege*
    One of her Attorneys

Catherine Steege (6183529)
Angela M. Allen (6295519)
Breana K. Drozd (6338918)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, Illinois 60654-3456
PH:   312/923-2952
FAX:  312/840-7352
csteege@jenner.com
aallen@jenner.com
bdrozd@jenner.com

6

## CERTIFICATE OF SERVICE

      I, Catherine Steege, the undersigned attorney, hereby certify that on April 9, 2024, I caused a copy of the ***Trustee's Objection to Debtor's Second Abandonment Motion*** to be filed via the Court's ECF system and served on the counsel listed below as indicated below.

/s/ *Catherine Steege*
Catherine Steege

## SERVICE LIST

**VIA ECF NOTIFICATION:**

| | |
|---|---|
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Paul M Bauch | pbauch@bmlawllc.com |
| Abraham Brustein | abrustein@robbinsdimonte.com, jtronina@robbinsdimonte.com |
| Amy N. Carollo | amyc@chilpwf.com, fundcounsel@gmail.com; taniam@chilpwf.com; vedranaa@chilpwf.com |
| David DeCelles | David.decelles@usdoj.gov |
| Frances Gecker | fgecker@fgllp.com, csmith@fgllp.com |
| Joshua D. Greene | jgreene@springerbrown.com, aoloughlin@springerbrown.com |
| Micah R Krohn | mkrohn@fgllp.com, csmith@fgllp.com, mmatlock@fgllp.com, csucic@fgllp.com |
| John A Lipinsky | lipinsky@ccmlawyer.com; haskell@ccmlawyer.com; hoekstra@ccmlawyer.com |
| Kenneth A. Michaels | kmichaels@bmlawllc.com; smohan@bmlawllc.com; ecf@lakelaw.com; 5552@notices.nextchapterbk.com |
| Todd J Ruchman | amps@manleydeas.com |
| Carolina Y. Sales | csales@bmlawllc.com; smohan@bmlawllc.com; 5241@notices.nextchapterbk.com |
| M. Gretchen Silver | ustpregion11.es.ecf@usdoj.gov; Gretchen.silver@usdoj.gov |
| James B. Sowka | jsowka@seyfarth.com; bankruptcydocket@seyfarth.com, jmcmanus@seyfarth.com; Jennifer-McManus-1834@ecf.pacerpro.com; 3913483420@filings.docketbird.com |
| Patrick T. Wallace | patrickw@chilpwf.com; fundcounsel@gmail.com; vedranaa@chilpwf.com |
| Martin J Wasserman | mwasserman@carlsondash.com; knoonan@carlsondash.com |
| Paul Yovanic Jr. | pyovanic@taftlaw.com; hfarrell@taftlaw.com |