# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **AMIT GAURI**, | ) | Case No. 21-03680 |
| | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Tuesday, July 23, 2024, at 10:00 a.m., I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, either in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or electronically as described below, and present the *Trustee's Motion to Authorize Settlement*, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person:**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **160 731 2971**. The passcode is **587656**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of

Objection is timely filed, the motion will be called on the presentment date. If no Notice of

Objection is timely filed, the court may grant the motion in advance without calling it.

                              Respectfully submitted,

                              **CATHERINE STEEGE**, not individually
                              but as chapter 7 trustee for the estate of
                              **AMIT GAURI**

Catherine Steege (6183529)
Angela M. Allen (6295519)          By: */s/ Catherine Steege*
**JENNER & BLOCK LLP**          One of her attorneys
353 N. Clark Street
Chicago, Illinois 60654-3456
PH:   312/923-2952
FAX:  312/840-7352
csteege@jenner.com
aallen@jenner.com

## **CERTIFICATE OF SERVICE**

I, Catherine Steege, certify that I filed and served a copy of this notice and the attached *Trustee's Motion to Authorize Settlement* via the Court's CM/ECF system on the following persons set forth below and on the persons on the attached service list by depositing the same in U.S. mail, properly addressed and postage prepaid, on July 1, 2024.

      */s/ Catherine Steege*

## SERVICE LIST

**VIA ECF NOTIFICATION:**

| | |
|---|---|
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Adam G. Brief | Adam.Brief@usdoj.gov, agbrief@gmail.com |
| Paul M Bauch | pbauch@bmlawllc.com |
| Abraham Brustein | abrustein@robbinsdimonte.com, jtronina@robbinsdimonte.com |
| Amy N. Carollo | amyc@chilpwf.com, fundcounsel@gmail.com; taniam@chilpwf.com; vedranaa@chilpwf.com |
| Jillian S Cole | jcole@taftlaw.com, wserritella@taftlaw.com,chi_docket_assist@taftlaw.com,lsterling@taftlaw.com |
| David DeCelles | David.decelles@usdoj.gov |
| Frances Gecker | fgecker@fgllp.com, csmith@fgllp.com |
| Steve Jakubowski | sjakubowski@robbinsdimonte.com |
| Joshua D. Greene | jgreene@springerbrown.com, aoloughlin@springerbrown.com |
| Micah R Krohn | mkrohn@fgllp.com, csmith@fgllp.com, mmatlock@fgllp.com, csucic@fgllp.com |
| John A Lipinsky | lipinsky@ccmlawyer.com; haskell@ccmlawyer.com; hoekstra@ccmlawyer.com |
| Kenneth A. Michaels | kmichaels@bmlawllc.com; smohan@bmlawllc.com; ecf@lakelaw.com; 5552@notices.nextchapterbk.com |
| David A. Newby | dnewby@momkus.com, cbednarski@momkus.com |
| Michael P. O'Neil | moneil@taftlaw.com, aolave@taftlaw.com |
| Todd J Ruchman | amps@manleydeas.com |
| Carolina Y. Sales | csales@bmlawllc.com; smohan@bmlawllc.com; 5241@notices.nextchapterbk.com |
| M. Gretchen Silver | ustpregion11.es.ecf@usdoj.gov; Gretchen.silver@usdoj.gov |
| James B. Sowka | jsowka@seyfarth.com; bankruptcydocket@seyfarth.com, jmcmanus@seyfarth.com; Jennifer-McManus-1834@ecf.pacerpro.com; 3913483420@filings.docketbird.com |
| Gregory K Stern | greg@gregstern.com, monica@gregstern.com |
| Patrick T. Wallace | patrickw@chilpwf.com; fundcounsel@gmail.com; vedranaa@chilpwf.com |
| Martin J Wasserman | mwasserman@carlsondash.com; knoonan@carlsondash.com |
| Paul Yovanic Jr. | pyovanic@taftlaw.com; hfarrell@taftlaw.com |

**VIA US MAIL:**

Patrick S. Layng
Office of the United States Trustee
219 S Dearborn Street, Room 873
Chicago, IL  60604

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn, 7th Floor
Chicago, IL 60604-1702

Paul M. Bauch
Carolina Y. Sales
Kenneth A. Michaels Jr.
BAUCH & MICHAELS LLC
53 W Jackson Blvd, Ste 1115
Chicago, IL 60604

Amit Gauri
330 West Concord Place
Chicago, IL 60614

Inder Gauri
c/o Robbins DiMonte, Ltd.
216 W Higgins Road
Park Ridge, IL 60068-5706

Laborers' Pension Fund and Laborers Office
of Fund Counsel
111 W Jackson Blvd, Ste 1415
Chicago, IL 60604-3868

Mansfield Oil Company of Gainesville, Inc.
c/o Thompson, O'Brien, Kappler, & Nasuti
2 Sun Court, Ste 400
Peachtree Corners, GA 30092

AGPD Paving, LLC
4226 Lawndale
Lyons, IL 60534-1132

Angela Story
Berrien County Assessor
8916 M-140
Berrien Center, MI 49102-9748

Apple Credit Card/Goldman Sachs
Salt Lake City Branch
Lockbox 6112, PO Box 7247
Philadelphia, PA 19170-0001

Berrien County Treasurer
701 Main St
St Joseph, MI 49085-1316

Black Dog Chicago, LLC
4226 Lawndale Ave
Lyons, IL 60534-1132

Black Dog Foods, LLC
4227 Lawndale Ave
Lyons, IL 60534

Black Dog Petroleum, LLC
4227 Lawndale Ave
Lyons, IL 60534

Chicago & Vicinity Laborers' District C
11465 Cermak Rd
Westchester, IL 60154-5768

Daniel Greenman & Co
17W775 Butterfield Rd, Ste 114
Oakbrook Terrace, IL 60181-4524

David Graham
2472 Emerald Lane
Libertyville, IL 60046-7595

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Dan Collins
Timothy Casey
Faegre Drinker Biddle & Reach LLP
191 N Wacker, Ste 3700
Chicago, IL 60606-1615

Forestview Management, LLC
320 Neapolitan Way
Naples, FL 34103-8558

2

| | |
|---|---|
| Forestview Management, LLC<br>Attn: John F. Harris<br>2250 Southwind Blvd<br>Bartlett, IL 60103-1304 | Guerard, Kalina & Butkus<br>Attn: Richard Guerard<br>310 S County Farm Road, Ste H<br>Wheaton, IL 60187-2409 |
| Heritage FS, Inc.<br>PO Box 339<br>1381 S Crescent, Unit 2<br>Gilman, IL 60938-6128 | Illinois Department of Revenue<br>Bankruptcy Unit<br>PO Box 19035<br>Springfield, IL 62794-9035 |
| Inder Gauri<br>1611 W Rosehill Ave<br>Chicago, IL 60660-4017 | JPMorgan Chase Bank N A<br>Bankruptcy Mail Intake Team<br>700 Kansas Lane Floor 01<br>Monroe, LA 71203-4774 |
| JP Morgan Chase Bank, N.A. Home Lending<br>3415 Vision Drive OH4-7214<br>Columbus, OH 43219-6009 | JPMorgan Chase Bank, N.A.<br>c/o Manley Deas Kochalski LLC<br>PO Box 165028<br>Columbus, OH 43216-5028 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Ste 100<br>Boca Raton, FL 33487-2853 | Jennifer Graham Gauri<br>330 W Concord Pl<br>Chicago, IL 60614-5702 |
| Mark Reckling<br>10301 Enterprise Way<br>Sturtevant, WI 53177-1956 | PNC Bank, National Association<br>Bradley M. Krieschen<br>One North Franklin<br>Chicago, IL 60606-3423 |
| United States Trustee<br>U.S. Trustee Payment Center<br>PO Box 70937<br>Charlotte, NC 28272 | PNC Bank, National Association<br>Peter G. Shaw, The PNC Financial Serv<br>1900 East 9th Street<br>Locator B7-YB13-22-8<br>Cleveland, OH 44114-3404 |
| Parent Petroleum, Inc.<br>3340 West Main Street<br>St. Charles, IL 60175-1011 | Peter Mancini<br>28W165 Belleau Drive<br>Winfield, IL 60190-1723 |
| Patrick Dillon<br>Cardi Asphalt<br>4226 Lawndale<br>Lyons, IL 60534-1132 | Richard Donofrio<br>75 NE 5th Avenue – Unit P<br>Delray Beach, FL 33483-5489 |
| The Chicago Area Laborers-Employers<br>Cooperation and Education Trust<br>11465 Cermak Road<br>Westchester, IL 60154-5768 | The Chicago Area Independent<br>Construction Association Fund Industry<br>11465 Cermak Road<br>Westchester, IL 60154-5768 |

3

4

| | |
|---|---|
| Tiferet Properties, LLC – Series E<br>c/o Cogency Global Inc., registered agent<br>600 South Second Street, Ste 404<br>Springfield, IL 62704-2542 | The Laborers' District Council<br>Labor-Management Cooperation Committee<br>11465 Cermak Road<br>Westchester, IL 60154-5768 |
| Tiferet Properties, LLC – Series E<br>2210 Jackson Street, Unit 404<br>San Francisco, CA 94115-1308 | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **AMIT GAURI**, | ) | Case No. 21-03680 |
| | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |

## TRUSTEE'S MOTION
## TO AUTHORIZE SETTLEMENT

Catherine Steege, not individually but solely as chapter 7 trustee (the "**Trustee**") for the estate of Amit Gauri (the "**Debtor**"), respectfully moves (the "**Motion**") for entry of an Order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Trustee to settle certain contested matters and adversary proceedings, in accordance with the proposed settlement agreement (the "**Settlement Agreement**," attached hereto as **Exhibit A**), as more fully set forth in this Motion, and states:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). To the extent this Court does not have constitutional authority to enter a final order on this Motion absent consent, the Trustee hereby consents to the entry of a final order. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.  The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On March 22, 2021, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. (Bankr. Dkt. 1.)

4. The Debtor's case remained in chapter 11 for more than a year. Although the Debtor attempted to confirm a plan of reorganization over his creditors' objections, on October 12, 2022, the Court denied confirmation of the plan. (*See* Bankr. Dkt. 285 at 26-27.)

5. On November 16, 2022, the Debtor's case was converted to a case under chapter 7. Just two days later—on November 18, 2022—the Trustee was appointed as chapter 7 trustee of the Debtor's estate.

6. On the same day the Trustee was appointed, the Debtor filed the *Motion to Abandon Property, or Alternatively Determine Exemptions, Shorten Notice, and Set an Expedited Hearing* ("**Abandonment Motion**"), requesting that the Court order the Trustee to abandon any interest the estate held in the Debtor's three companies—Black Dog Petroleum LLC, Black Dog Foods LLC, and AGPD Paving LLC (the "**Membership Interests**"). (Bankr. Dkt. 298.) On March 6, 2023, following an evidentiary hearing, the Court denied the Debtor's Abandonment Motion. (Bankr. Dkt. 360.) Following the District Court's affirmance of that order, the Debtor appealed to the United States Court of Appeals for the Seventh Circuit and that appeal is still pending. (*See* 7th Cir. Case No. 24-1143.)

7. On August 29, 2023, the Trustee filed the *Trustee's Motion for Turnover of Property of the Estate* (Bankr. Dkt. 450) seeking turnover of (i) $60,000 in alleged prepetition receivables owed to the Debtor by his companies, (ii) $33,900 in prepetition tax refunds, (iii) over $476,000 in post-petition wages the Debtor earned during his chapter 11 case, and (iv) the Debtor's Range Rover vehicle purchased on the eve of his chapter 11 filing. (*See* Bankr. Dkt. 514.) On that

2

same day, the Trustee objected to the Debtor's claim of exemptions in the postpetition wages. (Bankr. Dkt. 451.) On September 6, 2023, the Trustee also objected to the Debtor's claimed exemption in the membership interests of his three companies (Bankr. Dkt. 461) (collectively, the "**Trustee's Disputed Motions and Objections to Exemptions**").

8. On August 1, 2023, the Trustee filed the *Trustee's Complaint for Avoidance of Transfer, Turnover of Property of the Estate* against the Debtor and Bauch & Michaels, LLC (Adv. Pro. 23-00222, Dkt. 1) (the "**B&M Adversary**"). The Trustee's complaint sought avoidance pursuant to 11 U.S.C. §§549 and 550 or turnover pursuant to 11 U.S.C. §542 of $150,000 in funds that Benvenuto Siddu, Richard Donofrio, and Mary Kusnic (the "**Lender Released Parties**") lent to the Debtor, which was subsequently transferred to Bauch & Michaels LLC.

9. On November 17, 2023, the Trustee filed the Trustee's *Complaint for Avoidance and Recovery of Prepetition Transfers of Property of the Estate* against AGPD Paving LLC (Adv. Pro. 23-00358, Dkt. 1) (the "**AGPD Adversary**"), seeking avoidance and recovery of $106,000 in prepetition transfers from the Debtor to AGPD Paving LLC as fraudulent transfers pursuant to 11 U.S.C. §§544, 548, and 550 and Illinois state law.

10. On March 11, 2024, the Debtor filed a second *Motion to Compel Trustee to Abandon Property* (Bankr. Dkt. 522) seeking an order compelling the Trustee to abandon the estate's interests in the Membership Interests. On April 22, 2024, Black Dog Petroleum LLC filed a *Motion to Compel Trustee to Abandon Property* (Bankr. Dkt. 545), seeking an order compelling the Trustee to abandon the estate's alleged interest in the Range Rover vehicle.

11. The Trustee's Disputed Motions and Objections to Exemptions and the B&M Adversary Proceeding Disputed Motions have been the subject of several days of highly contested

3

evidentiary hearings in May 2024—including the introduction of over one hundred exhibits and the examination of six witnesses.

12. For purposes of obtaining finality and resolving the disputes between the parties in these cases, the Trustee, the Debtor, and Bauch & Michaels LLC, have agreed to settle the estate's claims on terms set forth below.

- The Debtor shall pay the Trustee $400,000 in immediately available funds on the third business day following entry of the order approving the settlement (the "**Settlement Payment**").

- The Trustee, the Debtor, Bauch & Michaels LLC, and the Post-Petition Lenders will exchange Mutual Releases as to claims related to the $150,000 in the Bauch & Michaels Trust Account.

- Bauch & Michaels LLC will reduce its allowed chapter 11 fee claim by $75,000.

- The Trustee will withdraw the Trustee's Disputed Motions and Exemption Objections as settled with prejudice within 3 business days following upon approval of the settlement agreement and payment of the settlement amount.

- The Debtor will consult with the Trustee regarding any amended tax returns filed for tax years 2022 and earlier and agrees that all tax refunds arising therefrom shall be turned over to the Trustee.

- The following assets shall be deemed abandoned by the Trustee: (i) the Membership Interests; (ii) the estate's interests in the Range Rover vehicle; and (iii) the estate's interests in his personal furnishings at both homes as set forth on lines 6 and 7 of his December 19, 2022 Amended Schedules.

- The pending appeal before the 7th Circuit shall be dismissed without prejudice.

- The Trustee, on the one hand, and the Debtor, his wife Jennifer Graham Gauri, Black Dog Petroleum LLC, AGPD Paving LLC and Black Dog Foods, LLC, Inder Gauri, David Graham, and the Gauri Family Irrevocable Trust dated December 30, 2021, on the other hand will exchange mutual releases of all known and unknown claims against them.

- Upon the exchange of mutual releases, the following claims in the chapter 7 case will be withdrawn with prejudice: Claim 5-1 (Inder Gauri); Claim 13-1 (David Graham); and Claim 15-1 (Black Dog Petroleum LLC).

4

- Amit will assist the Trustee in providing documents and other information necessary to resolve the claims against the estate filed by JP Morgan Chase Bank, N.A., Heritage FS, Inc., Forest View Management, LLC, and Chicago & Vicinity Laborers' District Council (such as evidence of current amounts owed on account of claims asserted based on guarantees, information about collateral securing such claims, etc.).

- The Debtor shall purchase the Trustee's judgment entered in adversary proceeding *Steege v. Whitaker*, Adv. Pro. 23-00255, and entered at docket number 19 in the amount of $35,714.86 (the "**Whitaker Judgment**") at par (the "**Purchase Price**"). The current amount owed is $23,714.86. Payment shall be made three business days after the entry of the Order approving the Settlement Agreement.

- All assets previously turned over to the Trustee (e.g., tax refunds, the amounts in the bank account, and the motorcycle, etc.) are not being abandoned by the Trustee.

- The Trustee will acknowledge the estate has no interest in certain improved real property commonly known as 7957 Barbara's Way, Sawyer, MI 49125 (the "**Michigan Residence**").

- The Debtor will attach as a schedule to the Settlement Agreement, a schedule identifying all assets as of the Conversion Date (excluding assets compromised by this settlement; i.e. pre-conversion wages, $33,000 tax refund, Range Rover, Membership Interests in Black Dog Petroleum LLC and Black Dog Foods LLC and household furnishings.)

- The Trustee shall dismiss the B&M Adversary Proceeding and the AGPD Adversary Proceeding with prejudice, each party to bear its own costs following receipt of the Settlement Payment and Purchase Price.

The foregoing list is a summary and is not intended to replace the terms of the Settlement Agreement itself. Parties in interest are encouraged to read the Settlement Agreement.

13. The proposed Settlement Agreement resolves all of the aforementioned matters without the need for continued costly litigation and further appeals. The Trustee submits that the proposed Settlement Agreement represents a reasonable and good faith compromise for an agreed-upon consideration.

5

**RELIEF REQUESTED**

14. By this Motion, the Trustee requests entry of an order (the "**Settlement Order**"), substantially in the form attached to the Settlement Agreement as **Exhibit 1**, authorizing the Trustee to consummate the settlement contemplated by the Settlement Agreement, which includes the entry of orders attached to the Settlement Agreement: (i) approving the parties' stipulated dismissals in the form of **Exhibit 2** and **Exhibit 3** thereto dismissing the B&M Adversary and the AGPD Adversary with prejudice; (ii) entering the Agreed Order in the form of **Exhibit 4** thereto withdrawing as settled the Trustee's Disputed Motions; and (iii) entering the Agreed Order in the form of **Exhibits 5 and 6** thereto resolving the Debtor's Abandonment Motions and authorizing the Trustee to abandon the estate's interest in Black Dog Petroleum LLC, Black Dog Foods LLC, AGPD Paving LLC, the Range Rover, certain of the Debtor's household furnishings, and the Michigan Residence.

**ARGUMENT**

15. Bankruptcy Rule 9019(a) provides, in part, that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). As a matter of policy, compromises and settlements are favored to minimize litigation and expedite administration of the estate. *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000). A court may authorize a trustee to enter into a settlement so long as it is a sound exercise of the trustee's business

6

judgment. *See* 11 U.S.C. § 363(b); *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006) (use under section 363 of the Bankruptcy Code must "[make] good business sense").

16. The benchmark for determining the propriety of a bankruptcy settlement under Bankruptcy Rule 9019(a) is whether the settlement is fair and equitable and in the best interests of the estate. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994); *see also In re Energy Coop., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate."); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161-62 (7th Cir. 1987) (explaining same and instructing that any distinction between the "best interests of the estate" and the "fair and equitable" standards is of little consequence).

17. In determining whether a proposed settlement is fair and equitable, neither an evidentiary hearing nor a rigid mathematical analysis is required. *Depoister*, 36 F.3d at 586, 588; *In re Energy Coop.*, 886 F.2d at 928-29. Rather, the court must determine whether the proposed compromise falls within the reasonable range of litigation possibilities. *In re Energy Coop.*, 886 F.2d at 929; *In re Am. Reserve Corp.*, 841 F.2d at 161. A settlement falls within the reasonable range of litigation possibilities when it is above the worst possible outcome in the litigation. *Id.*

18. Here, the Trustee believes entry into the Settlement is in the best interest of the Debtor's estate and represents a sound exercise of her business judgment. As stated above, each of the aforementioned motions, the appeal, and the adversary complaints, are contested. In the adversary proceedings, the Debtor, Bauch & Michaels LLC, and AGPD Paving LLC have asserted several affirmative defenses. All of these disputes would require additional litigation to resolve. While the Trustee believes that she would prevail on her claims, the Settlement Agreement avoids the additional time and expense associated with completing the trial of these claims and collecting

7

the resulting judgments. In addition, to the extent that these matters are settled, the Trustee will be able to close the case more quickly.

19. For these reasons, the Trustee does not believe that continuing to litigate the aforementioned matters is in the best interests of the Debtor's estate and creditors. Instead, the Trustee believes that the terms of the Settlement Agreement are well within the range of possible outcomes from litigation and represent a fair compromise of the claims in light of the potential costs of pursuing the claims to judgment and the ability to collect the claims.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto authorizing the Trustee to consummate the settlement contemplated by the Settlement Agreement and granting such other and further relief as this Court deems just and proper.

Dated: July 1, 2024

Respectfully submitted,

**CATHERINE STEEGE**, not individually but as chapter 7 trustee for the estate of **AMIT GAURI**

By: ___*/s/ Catherine Steege*___
      One of her Attorneys

Catherine Steege (6183529)
Angela M. Allen (6295519)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, Illinois 60654-3456
PH: 312/923-2952
csteege@jenner.com
aallen@jenner.com

*Counsel to the Chapter 7 Trustee*