**<u>Exhibit A</u>**

**Proposed Settlement Agreement**

**Execution Copy**

## SETTLEMENT AGREEMENT

This Settlement Agreement and Mutual Release ("**Agreement**") is made this 1st day of July, 2024 between Catherine Steege, not individually but solely as chapter 7 trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of Amit Gauri (the "**Debtor**"), on the one hand, and the Debtor and his counsel Bauch & Michaels, LLC ("**Bauch & Michaels**") on the other hand. The Trustee, the Debtor, and Bauch & Michaels are sometimes hereafter referred to as the "**Settling Parties**."

## RECITALS

A.      The Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code on March 22, 2021 (the "**Petition Date**") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division ("**Bankruptcy Court**").

B.      The Debtor's case was converted to a case under chapter 7 on November 16, 2022. Catherine Steege is the duly-appointed chapter 7 trustee for the Debtor's Estate.

C.      The Trustee has the following pending disputed contested matters before the Bankruptcy Court: (1) Trustee's Motion for Turnover of Property of the Estate (Dkt. 450); (2) Trustee's Objection to Debtor's Claimed Exemption in Post-Petition Wages (Dkt. 451); and (3) Trustee's Objection to Debtor's Claimed Exemption in Membership Interests (Dkt. 461) (collectively, the "**Trustee's Disputed Motions and Objections to Exemptions**").

D.      The Trustee also has filed: (1) the Trustee's Complaint for Avoidance of Transfer, Turnover of Property of the Estate against Bauch & Michaels and the Debtor (Adv. Pro. No. 23-0022) ("**B&M Adversary**"); and (2) the Trustee's Complaint against AGPD Paving LLC (Adv. Pro. No. 23-00358) (the "**AGPD Adversary**").

E.      The Debtor and Black Dog Petroleum ("**BDP**") have the following pending disputed motions before the Bankruptcy Court: (1) Motion of Amit Gauri to Compel Trustee to Abandon Property (Dkt. 522); and (2) Motion of BDP to Compel Trustee to Abandon Property [the Range Rover] (Dkt. 545) (collectively the "**Abandonment Motions**").

F.      The Debtor also has a pending Seventh Circuit appeal of the Court's order denying the Debtor's Motion to Compel Trustee to Abandon Property (7th Cir. No. 24-1143) (the "**Appeal**").

G.      After negotiations between the Settling Parties and their respective counsel, the Settling Parties agreed to settle on the terms set forth in this Agreement without admitting any wrongdoing or liability.

**NOW, THEREFORE,** in consideration of the mutual covenants of the Settling Parties to be faithfully performed, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Settling Parties, intending to be legally bound, agree as follows:

**Execution Copy**

## 1.    DEFINITIONS

In addition to the terms defined above and elsewhere in this Agreement, as used in this Agreement:

1.1    "**Approval Order**" means the Order to be entered by the Bankruptcy Court approving this Agreement substantially in the form of Exhibit 1 to this Agreement.

1.2    "**Effective Date**" means the third business day following the date on which the Bankruptcy Court enters the Approval Order.

1.3    "**Gauri Released Parties**" means Jennifer Graham Gauri, BDP, Black Dog Foods LLC, AGPD Paving LLC, David Graham, Inder Gauri, Prem Gauri, and the Gauri Family Irrevocable Trust dated December 30, 2021.

1.4    "**Lender Released Parties**" means Benvenuto Siddu, Richard Donofrio and Mary Kusnic.

1.5    "**Michigan Residence**" means that certain improved real property commonly known as 7957 Barbara's Way, Sawyer, MI 49125.

1.6    "**Purchase Price**" shall be the amount remaining outstanding amount on the Whitaker Judgment on the Effective Date.

1.7    "**Settlement Payment**" means the sum of Four Hundred Thousand Dollars ($400,000.00) and No cents.

1.8    "**Whitaker Judgment**" means that judgment entered in the adversary proceeding, *Steege v. Whitaker*, Adv. Pro. No. 23-00255, and entered at docket number 19 in the amount of $35,714.86.

## 2.    PAYMENT AND OTHER TERMS.

2.1    **Settlement Payment.** On the Effective Date, the Debtor shall pay the Estate the Settlement Payment in immediately available funds pursuant to wire instructions to be provided by the Trustee.

2.2    **Whitaker Judgment.** On the Effective Date, the Debtor shall purchase the Whitaker Judgment from the Estate for the Purchase Price by wiring the Purchase Price in immediately available funds pursuant to wire instructions to be provided by the Trustee.

2.3    **Stipulated Dismissals and Withdrawals.** On the Effective Date and following the Trustee's receipt of the Settlement Payment and the Purchase Price, the Trustee and the Debtor shall submit to the Bankruptcy Court: (a) agreed stipulated dismissals in the form of Exhibit 2 and Exhibit 3 hereto dismissing the B&M Adversary and the AGPD Adversary with prejudice, each party to bear its own

**Execution Copy**

costs; and (b) an Agreed Order in the form of <u>Exhibit 4</u> hereto dismissing the Trustee's Disputed Motions and Exemption Objections with prejudice, each party to bear its own costs. On the Effective Date and following the Trustee's receipt of the Settlement Payment and the Purchase Price, the Debtor shall file a motion with the Seventh Circuit requesting dismissal of the Appeal upon the agreed terms that the parties shall bear their own costs and fees, pursuant to Federal Rule of Appellate Procedure 42.

2.4 **Abandonment Order.** On the Effective Date and following the Trustee's receipt of the Settlement Payment and Purchase Price, the Trustee and Debtor shall submit to the Bankruptcy Court an Agreed Order in the form of <u>Exhibit 5</u> hereto resolving the Abandonment Motions and abandoning the Estate's interest in BDP, Black Dog Foods LLC, AGPD Paving LLC, the Range Rover Land Rover, and the Debtor's household furnishings listed on lines 6 and 7 of the December 19, 2022 Amended Schedules.

2.5 **Withdrawal of Claims**. On the Effective Date, in consideration of the release provided by the Trustee, the following persons shall withdraw any and all claims that they have filed against the Estate, including the claims listed following their names: (a) Inder Gauri (Claim 5-1); (b) David Graham (Claim 13-1); and (c) BDP (Claim 15-1).

2.6 **Michigan Residence**. Effective as of the Effective Date and following the Trustee's receipt of the Settlement Payment and the Purchase Price, the Trustee acknowledges that the Estate has no interest in the Michigan Residence and that the Trustee has not objected to the exemption claimed in the Michigan Residence.

2.7 **Cooperation**. The Debtor shall assist the Trustee by providing documents and other information necessary to resolve the claims against the Estate filed by: (i) JP Morgan Chase Bank, N.A.; (ii) Heritage FS, Inc.; (iii) Forest View Management, LLC; and (iv) Chicago & Vicinity Laborers' District Council. Nothing contained herein, however, shall relieve the Debtor of any other obligations he has arising under the Bankruptcy Code, including pursuant to 11 U.S.C. § 521.

2.8 **Tax Refunds**. The Debtor will consult with and cooperate with the Trustee with respect to any tax returns or amended tax returns to be filed for tax years 2022 and earlier. The Debtor agrees that any refunds arising from any returns for the tax years 2022 and earlier belong to the Estate and the Debtor shall immediately turn over any refunds to the Trustee.

2.9 **Failure to Perform.** In the event the Debtor fails to perform any of the obligations set forth in Paragraphs 2.1 and 2.2 within the time required, this Agreement shall be null and void and of no further force and effect and the Settling Parties shall be returned to the positions they were in as if the Agreement had never existed.

**Execution Copy**

3.     **RELEASES**

   3.1     **The Bauch & Michaels Releases.**

   **3.1.1**   Effective as of the Effective Date and following the Trustee's receipt of the Settlement Payment and the Purchase Price, the Trustee and the Estate hereby fully and forever RELEASE, ACQUIT, and DISCHARGE Bauch & Michaels and the Lender Released Parties and each of their respective attorneys, partners, heirs, legatees, executors, successors, and assigns from and for any and all rights, claims, controversies, damages, expenses, costs, obligations, causes of action, counterclaims, cross-claims, rights of set-off and recoupment, suits, debts, sums of money, accounts, torts, breaches of duty, covenants, contracts, agreements, promises, judgments, executions, demands and liabilities of any nature whatsoever, in law or otherwise, whether known or unknown, that have ever existed, that now exist, or that may exist in the future, from the beginning of the world through the Effective Date, related in any way to those claims alleged in, or which could have been alleged in, the B&M Adversary or related to the $150,000 loan made by the Lender Released Parties.

   **3.1.2**   Effective as of the Effective Date and following the Trustee's receipt of the Settlement Payment and the Purchase Price, Bauch & Michaels and the Lender Released Parties hereby fully and forever RELEASE, ACQUIT, and DISCHARGE the Trustee and the Estate, and her attorneys and their successors and assigns, from and for any and all rights, claims, controversies, damages, expenses, costs, obligations, causes of action, counterclaims, cross-claims, rights of set-off and recoupment, suits, debts, sums of money, accounts, torts, breaches of duty, covenants, contracts, agreements, promises, judgments, executions, demands and liabilities of any nature whatsoever, in law or otherwise, whether known or unknown, that have ever existed, that now exist, or that may exist in the future, from the beginning of the world through the Effective Date, related in any way to those claims alleged in, or which could have been alleged in, the B&M Adversary or related to the $150,000 loan made by the Lender Released Parties.

   3.2     **The Debtor and Gauri Released Party Releases.**

   **3.2.1**   Effective as of the Effective Date and following the Trustee's receipt of the Settlement Payment and the Purchase Price, the Trustee and the Estate hereby fully and forever RELEASE, ACQUIT, and DISCHARGE the Debtor and the Gauri Released Parties and their attorneys, heirs, legatees, executors, successors, and assigns, from and for any and all rights, claims, controversies, damages, expenses, costs, obligations, causes of action, counterclaims, cross-claims, rights of set-off and recoupment, suits, debts, sums of money, accounts, torts, breaches of duty, covenants, contracts, agreements, promises, judgments, executions, demands and liabilities of any nature whatsoever, in law or otherwise, whether known or unknown, that have ever existed, that now exist, or that may exist in the future, from the beginning of the world through the Effective Date.

   **3.2.2**   Effective as of the Effective Date and following the Trustee's receipt of the Settlement Payment and the Purchase Price, the Debtor and the Gauri Released Parties hereby fully and forever RELEASE, ACQUIT, and DISCHARGE the Trustee and the Estate

**Execution Copy**

and her attorneys and their successors and assigns, from and for any and all rights, claims, controversies, damages, expenses, costs, obligations, causes of action, counterclaims, cross-claims, rights of set-off and recoupment, suits, debts, sums of money, accounts, torts, breaches of duty, covenants, contracts, agreements, promises, judgments, executions, demands and liabilities of any nature whatsoever, in law or otherwise, whether known or unknown, that have ever existed, that now exist, or that may exist in the future, from the beginning of the world through the Effective Date.

4. **REPRESENTATIONS AND WARRANTIES**

4.1 **No Assignment of Claims.** The Settling Parties, the Gauri Released Parties, and the Lender Released Parties represent and warrant that they have not made or caused to be made any assignment or transfer of any right, claim, demand, or cause of action covered by this Agreement.

4.2 **Authorization.** The Settling Parties represent and warrant that they have all of the requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery, and performance by them of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary action, subject to the entry of the District Court Approval Order.

4.3 **Schedule of Assets.** The Debtor represents and warrants that the Schedule of Assets set forth on Exhibit 6 hereto is a complete and accurate list of all of the Debtor's assets as of November 16, 2022.

5. **BANKRUPTCY COURT APPROVAL**

5.1 **Approval.** This Agreement is subject to and conditioned upon the entry of the Approval Order by the Bankruptcy Court.

5.2 **Bauch & Michaels Administrative Claim.** Bauch & Michaels has agreed that its allowed fees and expenses for work performed during the chapter 11 case are reduced by Seventy Five Thousand Dollars ($75,000.00) and No cents. A dispute exists between Bauch & Michaels and the Trustee and the Estate as to whether the $21,717 retainer paid to Bauch & Michaels should be applied to reduce the amount of fees and expenses allowed pursuant to the Bankruptcy Court's Order Granting in Part and Denying in Part First and Final Fee Application of Bauch & Michaels LLC (Dkt. 395) (the "**Dispute**"). The Trustee and Bauch & Michaels have agreed to resolve the Dispute at a later date.

5.3 **Best Efforts**. The Settling Parties agree to support the entry of the Approval Order and to use their best efforts to cause the Bankruptcy Court to enter the Approval Order. The Settling Parties further agree not to cause any other person or entity to object to or otherwise oppose the entry of the Approval Order.

**Execution Copy**

6.      **MISCELLANEOUS**

6.1     **Entire Agreement, Amendments, and Waivers**. This Agreement constitutes and contains the entire agreement between the Settling Parties and supersedes any and all prior negotiations, conversations, correspondence, understandings, and letters respecting settlement of the matter compromised by this Agreement. This Agreement may be amended or modified or one or more provisions hereof waived only by a written instrument signed by the Settling Parties. No delay or omission by any Settling Party in exercising any right or power arising from any default by the other Settling Party shall be construed as a waiver of such default, nor shall any single or partial exercise thereof preclude any further exercise thereof or the exercise of any other right or power arising from any default by a Settling Party. No waiver of any breach of any covenant or other condition shall be construed to be a waiver of or consent to any previous or subsequent breach of the same or of any other covenant or condition.

6.2     **Captions**. The captions to this Agreement are for convenience only and are to be of no force or effect in construing and interpreting the provisions of this Agreement.

6.3     **Jurisdiction, Governing Law**. This Agreement is made and entered into in the State of Illinois and shall, in all respects, be interpreted, enforced and governed by the laws of the State of Illinois, without regard to choice of law principles. The Settling Parties further agree that any dispute arising out of this Agreement shall be adjudicated in the Bankruptcy Court.

6.4     **Notices**. Any notice required or permitted under this Agreement shall be given in writing and shall be sent to the following Settling Parties via electronic mail with a copy sent by overnight mail or hand delivery:

To the Trustee:

> Catherine Steege
> Angela Allen
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654
> csteege@jenner.com
> aallen@jenner.com

To the Debtor and Bauch & Michaels:

> Paul Bauch
> Bauch & Michaels LLC
> 53 W. Jackson Boulevard, Suite 1115
> Chicago, Illinois 60604
> pbauch@bmlawllc.com

**Execution Copy**

**6.5** **No Party Deemed Drafter**. The Settling Parties shall jointly be deemed to be the drafters of this Agreement; the rule that any ambiguity in a contract shall be construed against the drafter of the contract shall not apply to this Agreement.

**6.6** **Voluntary Settlement**. The Settling Parties acknowledge and agree that each of them is entering into this Agreement freely and voluntarily and not acting under any misapprehension as to the effect hereof, and has acted and does hereby act freely and voluntarily and not under any coercion or duress.

**6.7** **No Mistake of Fact or Law**. In entering into this Agreement, each Settling Party recognizes that no facts or representations are ever absolutely certain. Accordingly, each Settling Party assumes the risk of any mistake, and if it should subsequently discover that any understanding of the facts or of the law was incorrect, each Settling Party understands and expressly agrees that it shall not be entitled to set aside this Agreement by reason thereof, regardless of any mistake of fact or law.

**6.8** **Survival**. All covenants, agreements, representations, and warranties made in this Settlement Agreement will survive the execution and delivery hereof.

**6.9** **Counterparts.** This Agreement may be executed in multiple counterparts and by facsimile and/or by e-mail, and all executed counterparts together shall constitute the original instrument. Faxed or emailed signatures shall be binding.

**6.10** **Limitations.** Notwithstanding the Releases referred to in Section 3 herein, nothing in this Settlement Agreement, including but not limited to the Releases, shall release: (i) any Settling Party, Gauri Released Party, or Lender Released Party from their respective obligations under this Agreement; (ii) Bauch & Michaels' chapter 11 administrative expense claim, as amended herein, granted pursuant to the Bankruptcy Court's Order Granting in Part and Denying in Part First and Final Fee Application of Bauch & Michaels LLC (Dkt. 395); or (iii) the rights, claims, defenses, and arguments of the Settling Parties with respect to the Dispute.  Notwithstanding the Releases referred to in Section 3 herein, nothing in this Settlement Agreement, including but not limited to the Releases, shall prevent any Settling Party, Gauri Released Party, or Lender Released Party from (i) taking action to enforce the terms of this Agreement or (ii) raising any right, claim, defense, or argument in connection with the Dispute and all such rights, claims, defenses, or arguments are expressly preserved and not released.

*[Remainder of Page Left Intentionally Blank]*

Page 7

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

_Catherine Steege, as Trustee_
_____
**CATHERINE STEEGE,** not individually
but as Trustee for Amit Gauri

_____
**AMIT GAURI**

**BAUCH & MICHAELS, LLC**

By:_____
  Its: _____

**PARTIES AS TO PARAGRAPHS 2.5, 3.2, 4.1, and 6.10:**

_____
**INDER GAURI**

**BLACK DOG PETROLEUM LLC**

By:_____
  Its: _____

_____
**JENNIFER GRAHAM GAURI**

**GAURI FAMILY IRREVOCABLE TRUST DATED DECEMBER 30, 2021**

By:_____
  Its: _____

_____
**DAVID GRAHAM**

_____
**PREM GAURI**

**AGPD PAVING LLC**

By:_____
  Its: _____

**BLACK DOG FOODS, LLC**

By:_____
  Its: _____

**PARTIES AS TO PARAGRAPHS 3.1, 4.1, and 6.10:**

_____
**BENVENUTO SIDDU**

_____
**MARY KUSNIC**

_____
**RICHARD DONOFRIO**

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

| | |
|---|---|
| **CATHERINE STEEGE**, not individually but as Trustee for Amit Gauri | **AMIT GAURI** |
| **BAUCH & MICHAELS, LLC** | |
| By: _____ | |
| Its: _____ | |
| **PARTIES AS TO PARAGRAPHS 2.5, 3.2, 4.1, and 6.10:** | |
| | **BLACK DOG PETROLEUM LLC** |
| **INDER GAURI** | By: _____ |
| | Its: _____ |
| **JENNIFER GRAHAM GAURI** | |
| | **GAURI FAMILY IRREVOCABLE TRUST DATED DECEMBER 30, 2021** |
| **DAVID GRAHAM** | By: _____ |
| | Its: _____ |
| | **AGPD PAVING LLC** |
| **PREM GAURI** | By: _____ |
| | Its: _____ |
| **BLACK DOG FOODS, LLC** | |
| By: _____ | |
| Its: _____ | |
| **PARTIES AS TO PARAGRAPHS 3.1, 4.1, and 6.10:** | |
| **BENVENUTO SIDDU** | **MARY KUSNIC** |
| **RICHARD DONOFRIO** | |

**Execution Copy**

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

_____
**CATHERINE STEEGE**, not individually but as Trustee for Amit Gauri

**AMIT GAURI**

**BAUCH & MICHAELS, LLC**

By:_____
   Its: _____

**PARTIES AS TO PARAGRAPHS 2.5, 3.2, 4.1, and 6.10:**

_____
**INDER GAURI**

**BLACK DOG PETROLEUM LLC**

By:_____
   Its: _____Manager_____

_____
**JENNIFER GRAHAM GAURI**

**GAURI FAMILY IRREVOCABLE TRUST DATED DECEMBER 30, 2021**

_____
**DAVID GRAHAM**

By:_____
   Its: _____Manager_____

**AGPD PAVING LLC**

_____
**PREM GAURI**

By:_____
   Its: _____Manager_____

**BLACK DOG FOODS, LLC**

By:_____
   Its: _____Manager_____

**PARTIES AS TO PARAGRAPHS 3.1, 4.1, and 6.10:**

_____
**BENVENUTO SIDDU**

**MARY KUSNIC**

_____
**RICHARD DONOFRIO**

Page 8

From: 06/27/2024 09:20 #124 P.001/001

Case 21-03680   Doc 612-1   Filed 07/01/24   Entered 07/01/24 14:45:04   Desc
Exhibit A - Proposed Settlement Agreement   Page 12 of 34

**Execution Copy**

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

---

**CATHERINE STEEGE**, not individually
but as Trustee for Amit Gauri

**AMIT GAURI**

**BAUCH & MICHAELS, LLC**

By:_____
   Its: _____

**PARTIES AS TO PARAGRAPHS 2.5, 3.2, 4.1, and 6.10:**

---

**INDER GAURI**

**BLACK DOG PETROLEUM LLC**

By:_____
   Its: ____Manager____

---

**JENNIFER GRAHAM GAURI**

**GAURI FAMILY IRREVOCABLE TRUST
DATED DECEMBER 30, 2021**

By:_____
   Its: ____Manager____

---

**DAVID GRAHAM**

**AGPD PAVING LLC**

By:_____
   Its: ____Manager____

---

**PREM GAURI**

**BLACK DOG FOODS, LLC**

By:_____
   Its: ____Manager____

**PARTIES AS TO PARAGRAPHS 3.1, 4.1, and 6.10:**

---

**BENVENUTO SIDDU**

**MARY KUSNIC**

---

**RICHARD DONOFRIO**

**Execution Copy**

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

_____      _____
**CATHERINE STEEGE**, not individually     **AMIT GAURI**
but as Trustee for Amit Gauri

**BAUCH & MICHAELS, LLC**

By:_____
   Its: _____

**PARTIES AS TO PARAGRAPHS 2.5, 3.2,
4.1, and 6.10:**

_____      **BLACK DOG PETROLEUM LLC**
**INDER GAURI**

By:_____
   Its: _____

_____
**JENNIFER GRAHAM-GAURI**

**GAURI FAMILY IRREVOCABLE TRUST
DATED DECEMBER 30, 2021**

_____      By: _____
**DAVID GRAHAM**     Its: __Trustee_____

_____      **AGPD PAVING LLC**
**PREM GAURI**

By:_____
   Its: _____

**BLACK DOG FOODS, LLC**

By:_____
   Its: _____

**PARTIES AS TO PARAGRAPHS 3.1, 4.1,
and 6.10:**

_____      _____
**BENVENUTO SIDDU**     **MARY KUSNIC**

_____
**RICHARD DONOFRIO**

Page 8

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

| | |
|---|---|
| **CATHERINE STEEGE**, not individually but as Trustee for Amit Gauri | **AMIT GAURI** |

**BAUCH & MICHAELS, LLC**

By:_____
  Its: _____

**PARTIES AS TO PARAGRAPHS 2.5, 3.2, 4.1, and 6.10:**

| | |
|---|---|
| **INDER GAURI** | **BLACK DOG PETROLEUM LLC** |

By:_____
  Its: _____

**JENNIFER GRAHAM GAURI**

*David Graham*
**DAVID GRAHAM**

**GAURI FAMILY IRREVOCABLE TRUST DATED DECEMBER 30, 2021**

By:_____
  Its: _____

**PREM GAURI**

**AGPD PAVING LLC**

By:_____
  Its: _____

**BLACK DOG FOODS, LLC**

By:_____
  Its: _____

**PARTIES AS TO PARAGRAPHS 3.1, 4.1, and 6.10:**

| | |
|---|---|
| **BENVENUTO SIDDU** | **MARY KUSNIC** |

**RICHARD DONOFRIO**

**Execution Copy**

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

_____
**CATHERINE STEEGE**, not individually
but as Trustee for Amit Gauri

**BAUCH & MICHAELS, LLC**

By:_____
  Its: _____

**PARTIES AS TO PARAGRAPHS 2.5, 3.2,
4.1, and 6.10:**

_____
**INDER GAURI**

_____
**JENNIFER GRAHAM GAURI**

_____
**DAVID GRAHAM**

_____
**PREM GAURI**

**BLACK DOG FOODS, LLC**

By:_____
  Its: _____

**PARTIES AS TO PARAGRAPHS 3.1, 4.1,
and 6.10:**

_Benvenuto Siddu_
**BENVENUTO SIDDU**

_____
**RICHARD DONOFRIO**

_____
**AMIT GAURI**

**BLACK DOG PETROLEUM LLC**

By:_____
  Its: _____

**GAURI FAMILY IRREVOCABLE TRUST
DATED DECEMBER 30, 2021**

By:_____
  Its: _____

**AGPD PAVING LLC**

By:_____
  Its: _____

_____
**MARY KUSNIC**

Page 8

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

_____
**CATHERINE STEEGE**, not individually but as Trustee for Amit Gauri

**BAUCH & MICHAELS, LLC**

By:_____
  Its: _____

**PARTIES AS TO PARAGRAPHS 2.5, 3.2, 4.1, and 6.10:**

_____
**INDER GAURI**

_____
**JENNIFER GRAHAM GAURI**

_____
**DAVID GRAHAM**

_____
**PREM GAURI**

**BLACK DOG FOODS, LLC**

By:_____
  Its: _____

**PARTIES AS TO PARAGRAPHS 3.1, 4.1, and 6.10:**

_____
**BENVENUTO SIDDU**

_____
**RICHARD DONOFRIO**

_____
**AMIT GAURI**

**BLACK DOG PETROLEUM LLC**

By:_____
  Its: _____

**GAURI FAMILY IRREVOCABLE TRUST DATED DECEMBER 30, 2021**

By:_____
  Its: _____

**AGPD PAVING LLC**

By:_____
  Its: _____

_____
**MARY KUSNIC**

Jun 27 2024 9:22pm

2

Case 21-03680   Doc 612-1   Filed 07/01/24   Entered 07/01/24 14:45:04   Desc
Exhibit A - Proposed Settlement Agreement    Page 17 of 34

**Execution Copy**

IN WITNESS WHEREOF the Settling Parties have caused this Agreement to be executed on the date set forth herein.

---
**CATHERINE STEEGE**, not individually but as Trustee for Amit Gauri

**BAUCH & MICHAELS, LLC**

By:_____
   Its: _____

**PARTIES AS TO PARAGRAPHS 2.5, 3.2, 4.1, and 6.10:**

---
**INDER GAURI**

---
**JENNIFER GRAHAM GAURI**

---
**DAVID GRAHAM**

---
**PREM GAURI**

**BLACK DOG FOODS, LLC**

By:_____
   Its: _____

**PARTIES AS TO PARAGRAPHS 3.1, 4.1, and 6.10:**

---
**BENVENUTO SIDDI**

---
**RICHARD DONOFRIO**

---
**AMIT GAURI**

**BLACK DOG PETROLEUM LLC**

By:_____
   Its: _____

**GAURI FAMILY IRREVOCABLE TRUST DATED DECEMBER 30, 2021**

By:_____
   Its: _____

**AGPD PAVING LLC**

By:_____
   Its: _____

---
**MARY KUSNIC**

**EXHIBIT 1**

**(APPROVAL ORDER)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **AMIT GAURI**, | ) | Case No. 21-03680 |
| | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |

**ORDER GRANTING TRUSTEE'S MOTION TO AUTHORIZE SETTLEMENT**

THIS MATTER COMING TO BE HEARD upon the Trustee's Motion to Authorize Settlement (the "Motion"); due and proper notice of the Motion having been given to all creditors and counsel of record in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure; the Court having considered the Motion and finding that proposed settlement is in the best interests of the estate and its creditors; and the Court having jurisdiction over the Motion and the constitutional authority to enter this Order[1];

IT IS THEREFORE ORDERED:

1.  The Motion is granted as set forth herein.

2.  The Trustee is hereby authorized to enter into the Settlement Agreement attached as Exhibit A to the Motion and to execute all documents and take all ministerial actions necessary to implement the Settlement Agreement.

3.  The Court's Order Granting in Part and Denying in Part First and Final Fee Application of Bauch & Michaels LLC (Dkt. 395) is amended to reduce Bauch & Michaels's allowed compensation and reimbursement of expenses to $165,015.04. The Trustee, the Estate and Bauch & Michaels have agreed to resolve at a later date whether Bauch & Michaels' $21,717

---

[1] All capitalized terms shall have the meaning set forth in the Settlement Agreement unless otherwise indicated.

retainer previously was or should be applied to reduce its allowed administrative expense claim (the "**Dispute**").

4.      Notwithstanding the Releases referred to in Section 3 of the Settlement Agreement, nothing in the Settlement Agreement or this Order, including but not limited to the Releases, shall release: (i) any Settling Party, Gauri Released Party, or Lender Released Party from their respective obligations under the Settlement Agreement; (ii) Bauch & Michaels' chapter 11 administrative expense claim, as amended herein, granted pursuant to the Bankruptcy Court's Order Granting in Part and Denying in Part First and Final Fee Application of Bauch & Michaels LLC (Dkt. 395); or (iii) the rights, claims, defenses, and arguments of the Settling Parties with respect to the Dispute.   Notwithstanding the Releases referred to in Section 3 of the Settlement Agreement, nothing in this Settlement Agreement or this Order, including but not limited to the Releases, shall prevent any Settling Party, Gauri Released Party, or Lender Released Party from (i) taking action to enforce the terms of this Agreement, or (ii) raising any right, claim, defense, or argument in connection with the Dispute and all such rights, claims, defenses, or arguments are expressly preserved and not released.

5.      The Court retains jurisdiction to enforce the terms of this Order and any disputes arising under the Settlement Agreement.

_____
United States Bankruptcy Judge

**EXHIBIT 2**

**(AGREED ORDER DISMISSING BAUCH & MICHAELS LLC ADVERSARY)**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **AMIT GAURI**, | ) | Case No. 21-03680 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **CATHERINE STEEGE**, not | ) | Adv. Pro. No. 23-00222 |
| individually but as trustee for **AMIT GAURI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Honorable Janet S. Baer |
| v. | ) | |
| | ) | |
| **AMIT GAURI**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>AGREED ORDER DISMISSING COMPLAINT</u>

THIS MATTER COMING TO BE HEARD upon the Trustee's Motion to Authorize Settlement (the "Motion") and the Court having granted the Motion;

IT IS THEREFORE ORDERED that the above-captioned adversary proceeding is dismissed with prejudice, each party to bear its own costs.

**AGREED:**

| | |
|---|---|
| CATHERINE STEEGE, as Trustee<br>For Amit Gauri | AMIT GAURI and BAUCH & MICHAELS |
| By:_____ | By:_____ |
| One of her Attorneys | One of Their Attorneys |
| Catherine Steege | Paul Bauch |
| Angela Allen | BAUCH & MICHAELS LLC |
| JENNER & BLOCK LLP | 53 W. Jackson Boulevard, Suite 1115 |
| 353 N. Clark Street | Chicago, Illinois 60604 |
| Chicago, IL 60654 | |

_____
United States Bankruptcy Judge

**EXHIBIT 3**

**(AGREED ORDER DISMISSING AGPD PAVING LLC ADVERSARY)**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **AMIT GAURI**, | ) | Case No. 21-03680 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **CATHERINE STEEGE**, not individually but as trustee for **AMIT GAURI**, | ) | Adv. Pro. No. 23-00358 |
| Plaintiff, | ) | |
| | ) | Honorable Janet S. Baer |
| v. | ) | |
| | ) | |
| **AGPD PAVING LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

### AGREED ORDER DISMISSING COMPLAINT

THIS MATTER COMING TO BE HEARD upon the Trustee's Motion to Authorize Settlement (the "Motion") and the Court having granted the Motion;

IT IS THEREFORE ORDERED that the above-captioned adversary proceeding is dismissed with prejudice, each party to bear its own costs.

**AGREED:**

CATHERINE STEEGE, as Trustee
For Amit Gauri

AGPD PAVING LLC

By:_____
One of her Attorneys
Catherine Steege
Angela Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654

By:_____
One of Its Attorneys
Paul Bauch
BAUCH & MICHAELS LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604

_____
United States Bankruptcy Judge

**EXHIBIT 4**

**(AGREED ORDER WITHDRAWING TRUSTEE'S DISPUTED MOTIONS)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **AMIT GAURI**, | ) | Case No. 21-03680 |
| | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |

## AGREED ORDER WITHDRAWING MOTIONS AT DOCKET NOS. 450, 451 AND 461

THIS MATTER COMING TO BE HEARD upon the Trustee's Motion to Authorize Settlement (the "Motion"); the Court having entered an Order granting the Motion; and the Court having jurisdiction to enter this Order and the constitutional authority to do so;

IT IS THEREFORE ORDERED the Trustee's Motion for Turnover of Property of the Estate (Dkt. 450); (2) Trustee's Objection to Debtor's Claimed Exemption in Post-Petition Wages (Dkt. 451); and (3) Trustee's Objection to Debtor's Claimed Exemption in Membership Interests (Dkt. 461) are hereby withdrawn with prejudice, each party to bear its own costs.

**AGREED:**

| | |
|---|---|
| CATHERINE STEEGE, as Trustee<br>For Amit Gauri | AMIT GAURI |
| By:_____<br>One of her Attorneys<br>Catherine Steege<br>Angela Allen<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654 | By:_____<br>One of his Attorneys<br>Paul Bauch<br>BAUCH & MICHAELS LLC<br>53 W. Jackson Boulevard, Suite 1115<br>Chicago, Illinois 60604 |

_____
United States Bankruptcy Judge

**EXHIBIT 5**

**(AGREED ORDER GRANTING ABANDONMENT MOTIONS)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|                |     |                    |
|----------------|-----|--------------------|
| In re:         | )   | Chapter 7          |
|                | )   |                    |
| **AMIT GAURI**, | )   | Case No. 21-03680  |
|                | )   |                    |
|                | )   | Hon. Janet S. Baer |
| Debtor.        | )   |                    |

**AGREED ORDER GRANTING ABANDONMENT MOTIONS (DKT. 522 AND 545)**

THIS MATTER COMING TO BE HEARD upon the Motion of Amit Gauri to Compel Trustee to Abandon Property (Dkt. 522) and Debtor's Motion to Compel Trustee to Abandon Property [the Range Rover] (Dkt. 545); and the Court having jurisdiction to enter this Order and the constitutional authority to do so;

IT IS THEREFORE ORDERED:

1.      The Trustee is authorized to abandon and the Trustee does abandon the estate's interests in (a) the Debtor's membership interests in Black Dog Petroleum LLC, Black Dog Foods LLC, AGPD Paving LLC, (b) the Range Rover Land Rover, and (c) the Debtor's household furnishings listed on lines 6 and 7 of this December 19, 2022 Amended Schedules.

2.      Except as set forth herein, the Trustee has not abandoned any other interest that the estate may have in any other property of the estate.

3.      The Court retains jurisdiction to hear any disputes related to this Order.

**AGREED:**

CATHERINE STEEGE, as Trustee             AMIT GAURI
For Amit Gauri

By:_____             By:_____
One of her Attorneys                     One of his Attorneys
Catherine Steege                         Paul Bauch
Angela Allen                             BAUCH & MICHAELS LLC
JENNER & BLOCK LLP                       53 W. Jackson Boulevard, Suite 1115
353 N. Clark Street                      Chicago, Illinois 60604
Chicago, IL 60654

                                         _____
                                         United States Bankruptcy Judge

**EXHIBIT 6**

**(DEBTOR'S ASSETS AS OF CONVERSION)**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

In re:                                    )
                                          )        Case No. 21-03680
AMIT GAURI,                               )        Date of Conversion: 11/16/2022
                                          )        Honorable Janet S. Baer
                   Debtor.                )
                                          )        Chapter 7

**<u>DEBTOR'S SCHEDULE OF ASSETS AS OF CONVERSION</u>**


Dated: June 24, 2024                          Respectfully submitted,

                                              AMIT GAURI

                                              By: /s/ Paul M. Bauch
                                                    One of His Attorneys


Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
Fax: (312) 427-5709
pbauch@bmlawllc.com
csales@bmlawllc.com

2

**ASSETS**

| Asset Description | Estimated Value as of Conversion Date | State and Location of Property (Including Information on Disposal, if Property is Currently Not Property of the Estate) |
|---|---|---|
| 7957 Barbara's Way Sawyer, MI 49125 | $1,334,849.00 | Claimed as Exempt; Objection to Exemption Overruled |
| 2009 Harley Davidson Sportster | $7,000.00 | Turned over to the Trustee |
| 2014 Maserati Gran Turismo | $28,500.00 | $28,500.00 (sold during Chapter 11 case; $16,250 paid to Debtor; $16,250 paid to the Trustee for Black Dog Chicago); $2,400 Exempt; $11,850 turned over to the Trustee |
| 2019 Land Rover Range Rover | $45,000 | 330 W. Concord Place Chicago, IL 60614<br><br>Co-owned by Petroleum<br><br>Current Value $30,000 |
| Kitchen Appliances, Furniture | $5,000.00 | 330 W. Concord Place Chicago, IL 60614<br><br>7957 Barbara's Way Sawyer, MI 49125 |
| Household Electronics | $1,000.00 | 330 W. Concord Place Chicago, IL 60614<br><br>7957 Barbara's Way Sawyer, MI 49125 |
| Men's Clothing | $1,000.00 | Exempt<br><br>330 W. Concord Place Chicago, IL 60614<br><br>7957 Barbara's Way Sawyer, MI 49125 |
| Men's Wedding Band | $200.00 | Exempt<br><br>330 W. Concord Place Chicago, IL 60614 |

| Asset Description | Estimated Value as of Conversion Date | State and Location of Property (Including Information on Disposal, if Property is Currently Not Property of the Estate) |
|---|---|---|
| Deposit Account BMO Harris #8903 | $6,023.18 | Turned over to the Trustee |
| 100% Interest in Black Dog Commercial Ventures Corp. | $1.00 | Exempt |
| 100% Interest in Black Dog Petroleum, LLC | 1.00 | Exempt |
| 100% Interest in Black Dog Foods, LLC | 1.00 | Exempt |
| 100% Interest in Black Dog Solutions, LLC | 1.00 | Exempt |
| 55% Membership Interest in AGPD Paving, LLC | 1.00 | Exempt |
| Membership Interest in Lakeside MBE Holdings, LLC | $0.00 | LCC organized during Chapter 11 case as potential vehicle for investments in companies. *See* Debtor's Motion to Authorize Organization of Acquisition Subsidiary, Approval of Agreement with Olson Ubben, LLC, and Purchase of Membership Interests in Black Dog Chicago, LLC's Operating Subsidiaries and Shorten Notice [ECF. No. 61]. The entity is in good standing but has no business activity. |
| Security Deposit in Tiferet Properties, LLC – Series E | $12,000.00 | 2210 Jackson St., Unit #404 San Francisco, CA 94115 |
| Prepetition Wages owed by Black Dog Petroleum, LLC and Black Dog Foods #82-1737369 | $46,160 | Exempt portion of prepetition wages paid to Chapter 11 case. |
| Lincoln Financial Term Life Insurance Policy | 0.00 | Beneficiary Jennifer Graham Gauri and Parent Petroleum, Inc. |

4

| Asset Description | Estimated Value as of Conversion Date | State and Location of Property (Including Information on Disposal, if Property is Currently Not Property of the Estate) |
|---|---|---|
| Note from Marc Whitaker for 5% of membership interests in AGPD Paving, LLC | $15,000.00 | Turned over to the Trustee |
| Post-Petition Unpaid Wages (Owed to Debtor) | $1,864.45 Foods<br><br>$26,923.12 AGPD | 85% Exempt<br><br>See Docket 473 and Trustee Exhibit 61<br><br>Debtor disputes that he was owed wages in excess of these amounts, but the processed and uncashed payroll checks are disclosed in Trustee EX 61 |
| Federal Tax Refund-Received by Debtor and delivered to Trustee after conversion date | $6,021.32 | 2020 |
| Federal Tax Refunds-Received by Trustee after conversion date | $5,861.10<br>$181,043.45<br>$44,977.13<br>$115,180.86<br>$13,001.76 | 2014<br>2015<br>2016<br>2017<br>2018 |
| State Tax Refunds-Received by Debtor and delivered to Trustee after conversion date | $11,768.21 | State 2021 |

I, Amit Gauri, declare under penalty of perjury that I have fully read and understood the foregoing Schedule and that the information contained herein is true and complete to the best of my knowledge.

Date: June 24, 2024

_____
Debtor

5